[Cite as *State v. Jackson* , 2018-Ohio-848.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105756**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WILLIAM E. JACKSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610324-A

**BEFORE:** Blackmon, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 200
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Mary Weston
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} William E. Jackson ("Jackson") appeals his consecutive prison sentences in this cold case involving two rapes and assigns the following error for our review:

I. The court erred in sentencing appellant to consecutive sentences.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} In 1997, a man raped the first victim in her home. She eventually got away from the man, ran out of her house naked, jumped a fence, injured her hand and broke her ankle, and went to a stranger's house where the police were called. In 1998, a man grabbed the second victim, dragged her into a building, and beat her up and raped her. Both victims went to the hospital and had rape kits performed, but neither rape kit was submitted for testing at the time.

Years later,[1] the Bureau of Criminal Investigation ("BCI") tested both rape kits and determined that, for each one, "the chance of this [DNA] not being William Jackson, it would be rarer than one in one trillion * * *."

**{¶4}** On March 2, 2017, Jackson pled guilty to attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2), a second-degree felony, and rape in violation of R.C. 2907.02-(A)-(2), a first-degree felony. On April 10, 2017, the court imposed a five-year prison sentence for the attempted rape, and a ten-year prison sentence for the rape, "to run consecutive to each other, for a total of 15 years."

**{¶5}** It is from this order that Jackson appeals.

### Consecutive Sentences

**{¶6}** R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

**{¶7}** Additionally, "to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the

---

[1] Although unclear from the record when evidence regarding the first victim was submitted to the BCI, according to Jackson, he was identified as a suspect via DNA on November 22, 2009. The second victim's rape kit was submitted to the BCI on October 4, 2013, and Jackson was identified as a subject on May 29, 2014.

offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} At Jackson's sentencing hearing, the victim of the 1998 rape testified as follows:

I never even thought I would actually be here [be]cause I never even thought he would get caught * * * 20 years later. * * * I blamed myself for so many years. If I didn't stop to get gas that night, if I wasn't driving down that street, it never would have happened. And it ruined my relationship for so many years. I didn't trust anybody. * * * And I moved away from here in 2000 because my life was just circling the drain. I wanted to move somewhere that no one knew me, with my child, so I can just start over, and it was probably the best thing I ever did for myself. * * * I can't tell [the court] what to do, but nobody knows how many people he did this to before me, or even after that, that didn't even come forward. * * * I do believe if — that he'll probably do it to somebody else. I do. I have no doubt.

{¶9} The court stated at Jackson's sentencing hearing that "the overriding purpose of any law is to punish the offender and protect the public from any future crimes, and that's my job, punish the offender and protect the public." The court read into the record the statutory

factors it took into consideration when sentencing Jackson: Whether "a consecutive sentence is necessary to protect the public from future crime or a consecutive sentence is necessary to punish the offender. Consecutive sentences cannot be disproportionate to the seriousness of the offender's conduct and then also to the danger the offender poses to the public." The court further stated that it considered the factors of "incapacitation, to incarcerate, to deter other actions from happening in the future," and whether there is a "chance for rehabilitation and restitution." The court also considered whether Jackson's "conduct was more serious than others."

{¶10} The court noted the evidence that it took into consideration at the sentencing hearing: "I do have the presentence investigation report that I reviewed, and that I've had an opportunity to review now the medical records that have been provided by the State, Exhibits 1 and 2, and the Court Psychiatric Clinic report for purposes of sentencing."

{¶11} Furthermore, although the court did not make a specific finding on the record regarding Jackson's criminal history, it heard evidence from the state that Jackson had two felony convictions in 1989, one of which resulted in a prison term of 3 to 15 years. Additionally, Jackson was convicted of theft in 1996, and in 1999, he was convicted of aggravated robbery and felonious assault, for which he served a 6-year prison term. Jackson was convicted of another felonious assault in 2008 and domestic violence in 2013.

{¶12} After reviewing the law and the evidence before it, the court concluded, under R.C. 2929.14(C)(4)(b), that "two multiple offenses * * * were committed as part of this conduct * * *[.]" Additionally, the court made the following findings on the record regarding the seriousness of Jackson's conduct:

You know, the physical and psychological damage that took place to [the second victim] is clearly noted for the record. * * * [F]or someone to sit for so many years and blame themselves, and then also because of the nature of the offense, when I have a chance to look at the medical records and the brutality of what happened to her during this rape, clearly fits under the Revised Code Section 2929.12(B) in looking at whether this Court could impose a consecutive sentence.

* * * I look at [you], Mr. Jackson. You're a pretty intimidating gentleman. My guess is 20 years ago you'd be a well-fit individual that could pose a risk to any individual, such as [the second victim], and that the physical abuse that she endured, in addition to the rape that she endured, would rise to a level where this Court would find a consecutive sentence would be imposed by this Court.

In looking at the first victim in this case * * * the initial act itself of you going into a home, and raping her, and having her flee for her life, and being injured would obviously point to the Court that this wasn't a consensual act at the time of that rape as well. I know you pled to an attempted rape, and that's where you find yourself here today. But the nature and facts that present to this Court under the Revised Code sections of the principles of sentencing would entail what I believe to be a warranted consecutive sentence in this case.

**{¶13}** Upon review, we hold that the court made the findings required under R.C. 2929.14(C)(4) to impose consecutive sentences. Furthermore, we find that the evidence in the record supports the court's findings. However, the state concedes on appeal that the "sentencing journal entry did not reflect the court's findings and will need to be corrected pursuant to *State v. Bonnell,* [140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659]." In light of this, Jackson's assigned error is sustained.

**{¶14}** Accordingly, we remand this case to the trial court for the limited purpose of issuing a nunc pro tunc journal entry incorporating its consecutive sentence findings.

**{¶15}** Judgment affirmed and case remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

MELODY J. STEWART, P.J., and
LARRY A. JONES, SR., J., CONCUR